**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| VOLVO FINANCIAL SERVICES, | CIVIL ACTION NO. 08-3547 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| SIFTRANS, INC., et al., |  |
| Defendants. |  |

**PLAINTIFF** having brought this action concerning the breach of four contracts for the purchase of automobiles (dkt. entry no. 1, Compl.); and the Clerk of the Court having entered default against the defendants for their failure to appear (see unnumbered dkt. entry after dkt. entry no. 8), see Fed.R.Civ.P. 55(a); and the Court having entered judgment by default, upon plaintiff's request, in favor of plaintiff and against the defendants in the amount of $298,132.06 (dkt. entry nos. 12, 14), see Fed.R.Civ.P. 55(b)(2); and plaintiff now moving for attorneys fees, in effect, in the amount of $8,854 and costs in the amount of $720.60 (dkt. entry no. 15), see Fed.R.Civ.P. 54(d); and

**IT APPEARING** that a court may award attorneys fees when, inter alia, a contract provides for the payment of such fees, Cityside Archives, Ltd. v. N.Y.C. Health & Hosp. Corp., 37 F.Supp.2d 652, 656-57 (D.N.J. 1999); and it appearing it is within the Court's discretion to fix the amount of fees and

costs, if the Court (1) employs the correct standards and methods in reaching the decision, and (2) makes findings of fact that are not clearly erroneous, see, e.g., Interfaith Cmty. Org. v. Honeywell Int'l, 426 F.3d 694, 703 n.5 (3d Cir. 2005); Loughner v. Univ. of Pitt., 260 F.3d 173, 177 (3d Cir. 2001); Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist., 152 F.3d 228, 232 (3d Cir. 1998); Abrams v. Lightolier, 50 F.3d 1204, 1222 (3d Cir. 1995); and the Court noting that "[a] reasonable attorney's fee is one that compensates a lawyer for the fair market value of his time, experience, and effort," Hall v. Bor. of Roselle, 747 F.2d 838, 841 (3d Cir. 1984); and it appearing a reasonable fee is also one which is "adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys," Student Pub. Int. Res. Group of N.J. v. AT&T Bell Labs., 842 F.2d 1436, 1448 (3d Cir. 1998) (internal quotes and cite omitted); and

**THE COURT** noting that the opposing party has the burden to challenge the reasonableness of the requested fee, by affidavit or brief, with sufficient specificity to give notice, Bell v. United Princeton Props., 884 F.2d 713, 715 (3d Cir. 1989); and the Court further noting that it cannot "decrease a fee award based on factors not raised at all by the adverse party," id. at 720; Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); and the Court also noting it should evaluate a fee request in light of any objections, Loughner, 260 F.3d at 179; and

**DEFENDANTS** failing to oppose the Motion, even though the return date — June 1, 2009 — elapsed one month ago (see unnumbered dkt. entry after dkt. entry no. 15); and

**THE FOUR CONTRACTS** executed between the parties having each contained contractual terms providing that defendant, Siftrans, Inc., would pay attorneys fees and other costs and expenses incurred by plaintiff in enforcement of the contracts (see dkt. entry no. 15, Shiloh Certif., Exs. 1-3 ("Buyer agrees to pay on demand, all attorneys' fees and all other costs and expenses which may be incurred by Seller in the enforcement of this Contract"); id., Ex. 4 ("Borrower agrees to pay on demand all reasonable external and internal costs, expenses, and fees (including reasonable attorneys' fees and expenses) of Lender in enforcing the Loan Documents")); and defendants, Vladamir Siforov, a/k/a Vladimir Siforov, a/k/a Vladmir Siforiv, and Natalya Nikiforoua, a/k/a Natalya Nikiforova, a/k/a Natalya Nikoforova, having personally guaranteed all costs and expenses of plaintiff, including reasonable attorneys fees and expenses incurred (see id., Ex. 5 ("In the event of any dispute regarding this Guaranty, Guarantor agrees to pay all costs and expenses of the Creditor (including reasonable attorneys' fees and expenses) incurred in connection with such a dispute")); and

**THE COURT** having carefully reviewed the documents submitted by plaintiff, including attorney billing summaries (see Shiloh

3

Certif.); and the Court thus intending to (a) grant the Motion, and (b) award plaintiff attorneys fees in the amount of $8,854 and costs in the amount of $720.60;[1] and the Court determining the Motion upon the plaintiff's papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate Order and Judgment.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated: July 2, 2009

---

[1] Plaintiff states Christopher Block's fees at $2,088, Benjamin Morton's fees at $115, Matthew Koster's fees at $1,978, and Elior Shiloh's fees at $4,902. (Shiloh Certif. at 3.) The billing summaries submitted by plaintiff, however, show Christopher Block's fees to be $2,349 and Elior Shiloh's fees to be $4,343. The Court thus will award $8,854 in attorneys fees, rather than the requested $9,152.